**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **WOLVERINE BARCODE IP, LLC,** | |
| Plaintiff, | **Civil Action No. 2:26-cv-00023-RWS-RSP** |
| v. | |
| **POPEYES LOUISIANA KITCHEN, INC.,** Defendant. | **JURY TRIAL DEMANDED** |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT**

Before the Court is Defendant Popeyes Louisiana Kitchen, Inc.'s ("Popeyes") Motion to Dismiss the First Amended Complaint for Failure to State a Claim (Dkt. 22) under Federal Rule of Civil Procedure 12(b)(6). Plaintiff Wolverine Barcode IP, LLC ("Wolverine") alleges that Popeyes infringes claim 1 of U.S. Patent No. 9,280,689 ("the '689 patent") through the in-restaurant Popeyes Rewards transaction workflow at participating Popeyes restaurants. Dkt. 19 ¶¶ 6–29. The FAC identifies the patent, the asserted claim, and the accused workflow — the integrated in-store Popeyes Rewards transaction in which a Rewards member presents a scannable Popeyes Rewards QR code or barcode at a participating Popeyes restaurant to earn or redeem rewards in connection with the purchase of Popeyes food items. Dkt. 19 ¶¶ 8–10. The FAC then maps each limitation of claim 1 to specific components of that workflow, including the Popeyes mobile application and website, Popeyes Rewards accounts, Popeyes-controlled Rewards servers and databases, Popeyes point-of-sale ("POS") and cash-register systems, vendor/POS servers, in-restaurant barcode/QR scanners, and the receipt and approval signals returned to the register. *Id.* ¶¶ 13–24. The FAC's induced and contributory infringement allegations likewise plead post-suit knowledge of the '689 patent, specific intent, and the provision of components especially made or adapted for the accused workflow. Dkt. 19 ¶¶ 28–29.

For these reasons, the Court finds that the First Amended Complaint contains sufficient factual matter to state plausible claims for direct, induced, and contributory infringement of claim 1 of the '689 patent. Wolverine's pleading-stage allegations — supported by publicly available Popeyes Rewards materials, Wolverine's pre-suit investigation, and reasonable inferences concerning Popeyes' POS, scanner, Rewards, and server systems (Dkt. 19 ¶ 26) — are sufficient under *Iqbal*, *Bot M8*, and *Disc Disease* to put Popeyes on notice of the accused workflow and the basis for each asserted limitation. Accordingly, it is **ORDERED** that Defendant Popeyes Louisiana Kitchen, Inc.'s Motion to Dismiss the First Amended Complaint (Dkt. 22) is **DENIED**. In light of this disposition, Plaintiff's alternative request for leave to amend is **DENIED AS MOOT**. Defendant shall answer the First Amended Complaint within fourteen (14) days of the date of this Order. *See* Fed. R. Civ. P. 12(a)(4)(A).

   **IT IS SO ORDERED.**